UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CRAIG STEVEN WARD,<br><br>Plaintiff,<br><br>v.<br><br>AMERICOLLECT, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-00268<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CRAIG STEVEN WARD ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AMERICOLLECT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a 49 year old person residing at 4918 North 60th Street, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

7. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

8. Defendant is a national leader in accounts receivable management and "is consistently collecting more than other agencies by doing the UN-thinkable—being RIDICULOUSLY NICE."[1] With its principal place of business located at 1851 South Alverno Road, Manitowoc, Wisconsin, Defendant regularly collects upon consumers in Wisconsin.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA and §427.103(3) of the WCA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1968.[2]

10. Defendant is a "person" as defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://www.americollect.com/about/
[2] http://www.acainternational.org/search#memberdirectory

## FACTS SUPPORTING CAUSES OF ACTION

12. In 2015, Plaintiff began receiving phone calls from Defendant to his cellular phone, (414) XXX-3757.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3757. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. The number that Defendant most often called Plaintiff from is (262) 465-4584, but upon belief, it has used other phone numbers as well.

15. Upon information and belief, the above phone number ending in 4584 is a number utilized by Defendant during its debt collection activity.

16. Upon answering calls from Defendant, Plaintiff experiences a brief pause, lasting a few seconds in length, before he is connected to a live representative.

17. On other answered calls from Defendant, Plaintiff experiences an automated message.

18. Upon speaking with one of Defendant's representatives, Plaintiff was notified that it was seeking to collect upon medical debt he allegedly incurred in the past.

19. Plaintiff informed Defendant's representative that he does not owe this debt as it was covered by government benefits.

20. Plaintiff demanded that Defendant stop contacting him.

21. Despite his demands, Defendant has continued to regularly call Plaintiff's cellular phone up until the present day.

22. Defendant has called Plaintiff's cellular phone multiple times during the same day.

23. Plaintiff has received not less than 25 phone calls from Defendant since asking it to stop calling.

24. This alleged medical debt is being negatively reported on Plaintiff's credit report.

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

26. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $46.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  This repeated behavior of systematically calling Plaintiff's phone over and

4

Case 2:17-cv-00268-NJ    Filed 02/27/17    Page 4 of 11    Document 1

over after he demanded that it cease contacting him was harassing and abusive. Even after being told that the debt it was referencing was not outstanding as it was covered by the government, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

32. Furthermore, Defendant relentlessly called Plaintiff at least 25 times after being told to stop calling as well as being notified that this debt was not current. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    **b. Violations of the FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).
>
> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed. 15 U.S.C. §1692e(8).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told that the debt it was seeking to collect upon was not current, as Plaintiff had an agreement with the government that the debt was covered, Defendant continued to relentlessly contact Plaintiff over 25 times. Instead of stopping this

5

behavior, Defendant continued to systematically place calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

37. Defendant violated §1692e(8) when it erroneously communicated to the credit reporting agencies that Plaintiff had outstanding medical debt. Plaintiff had already notified Defendant that the debt was not outstanding, as he had an agreement with the government that covered his alleged medical debt. Yet, Defendant continued to communicate this false information to the credit reporting agencies, which has severely harmed Plaintiff's credit.

   c. **Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff even after he notified it that the debt was not outstanding and to stop contacting him. Defendant also used different phone numbers when it called Plaintiff's cellular phone. Attempting to coerce Plaintiff into payment by placing voluminous phone calls using different phone numbers after being notified to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As pled in paragraphs 23 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CRAIG STEVEN WARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The brief pause, lasting a few seconds in length, that Plaintiff experienced during answered calls from Defendant before being connected to a live representative of Defendant is instructive that an ATDS was being utilized to generate the phone calls. In addition, the automated message that Plaintiff experienced during other answered calls is indicative of an ATDS. Lastly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

7

44. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to be contacted by Defendant using an ATDS was explicitly revoked upon his demands to cease contact.

45. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant received multiple prompts that it was continuing to contact the wrong individual.

WHEREFORE, Plaintiff, CRAIG STEVEN WARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be

expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

49. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he notified Defendant that the debt was not outstanding and to cease calling him. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

50. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior, especially after being told by Plaintiff that he does not wish to be contacted and that the debt was inaccurate.

51. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…disclose or threaten to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false." Wis. Stat. §427.104(1)(c)

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

9

53. Defendant violated §427.104(1)(c) by communicating false credit information to the credit reporting agencies. After Plaintiff notified Defendant that the alleged medical debt was not owed, as he had an agreement with the government that covered the disputed amount, Defendant should have, at minimum, conducted a reasonable investigation. Instead, it ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent. As a debt collector that has been a member of the ACA for nearly 50 years and prides itself on being "ridiculously nice," as soon as Plaintiff notified it that the debt was not accurate, Defendant should have conducted a reasonable investigation which would have shown that the liability on the debt was extinguished. Instead, the disputed debt is still listed as a negative item on Plaintiff's credit report.

54. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after he told it that the debt was not accurate and to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so. As an experienced debt collector, Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls.

55. As pled in paragraphs 23 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including costs associated with purchasing and maintaining a blocking application subscription. As such, Plaintiff is entitled to relief pursuant to §427.105

56. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that the debt Defendant was seeking to collect upon did not belong to him and to stop contacting him, but yet, he was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least twenty-five times using different phone

10

numbers, and even called multiple times during the same day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After the initial conversation in which Plaintiff notified it that the debt was inaccurate and to stop calling him, Defendant had more than enough information to know that it should not continue calling his phone number. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, CRAIG STEVEN WARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 27, 2017                    Respectfully submitted,

                                            s/ Nathan C. Volheim
                                            Nathan C. Volheim, Esq. #6302103
                                            Admitted in the Eastern District of Wisconsin
                                            Sulaiman Law Group, Ltd.
                                            900 Jorie Boulevard, Suite 150
                                            Oak Brook, Illinois 60523
                                            (630) 575-8181 x113 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com